UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 2:16-cr-108-FtM-38CM

BRIAN KEITH DICKS

### **ORDER**[1]

Before the Court is *pro se* Defendant Brian Keith Dicks' letter motion for compassionate release because of the COVID-19 pandemic (Doc. 61) and the Government's response in opposition (Doc. 63). For the below reasons, the Court denies the motion.

In October 2017, the Court sentenced Dicks to 57 months' imprisonment for a drug offense. (Doc. 57). Dicks is 40 years old, incarcerated at Yazoo City Low FCI, and projected to be released on January 9, 2022. (Doc. 63 at 2). Dicks now seeks to be released to home confinement because of COVID-19, his hypertension, and his personal growth while incarcerated. The Government opposes the motion because Dicks has not met the statutory exhaustion requirements for filing such a motion, and he has not shown any medical conditions to satisfy the requirements for compassionate release. The Court agrees with the Government.

A court may not modify a term of imprisonment once imposed, except if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

§ 3582(c)(1)(A)(i). The court may entertain a motion on a modification from the (1) Director of the Bureau of Prisons ("BOP"); or (2) "defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Dicks does not seek a reduction in his sentence. Rather, he wants to serve the rest of his term in home confinement. That request falls outside § 3585(c)'s limited grant of authority for this Court to modify his sentence post-conviction. Because § 3582(c) does not give the Court authority to grant home confinement and because Dicks offers no statutory authority to support his request for the relief, the Court denies his request for home confinement.

Even setting aside that flaw to Dicks' request, he has neither exhausted his administrative remedies nor shown extraordinary and compelling reasons for compassionate release. Dicks—not the BOP—has filed the letter motion. And Dicks admits that he has not exhausted his administrative requirements, as he sent a petition to the Warden on April 22, 2020. And, as of May 15, the Warden still had not decided his petition. (Doc. 63 at 12). Because thirty days has not yet lapsed since the Warden's office received Dicks' compassionate release request, Dicks' motion is foreclosed. *See United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) (denying a defendant's motion for compassionate release because he did not give the BOP thirty days to respond). In short, because Dicks has not exhausted his administrative remedies, the Court lacks authority to grant him relief under § 3582(c)(1)(A)(i).

Even if Dicks exhausted his administrative remedies, he fails to show "extraordinary and compelling" reasons to warrant compassionate release. A reduction for extraordinary and compelling circumstances must be consistent with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). From there, courts rely on U.S.S.G. § 1B1.13, which lists four extraordinary and compelling circumstances: serious medical condition, advanced age and deteriorating health, family circumstances, and other extraordinary and compelling reasons the BOP Director determines. U.S.S.G. § 1B1.13, cmt. n.1.

None of the circumstances Dicks relies on falls within the Commission's policy statement. He provides no medical evidence to support him having hypertension. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release because of absence of corroboration from medical provider that defendant could not provide self-care or suffers a serious medical condition). He is forty years old and does not allege his health is deteriorating. And the BOP Director has not found COVID-19 alone to be a basis for compassionate release. *See United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.").

In conclusion, although the Court understands Dicks' concern about COVID-19, it does not possess the authority to modify or reduce his sentence under the facts. Also,

Dicks has not established that the steps being taken by the BOP and his current facility are insufficient under his personal circumstances.

Accordingly, it is now

**ORDERED:**

Defendant Brian Keith Dicks' letter motion for compassionate release because of the COVID-19 pandemic (Doc. 61) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 22nd day of May 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record